**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 20-105** |
| | * | |
| **CARL BLAKE RILEY, JR.** | * | **SECTION "L" (5)** |
| | * | |

### ORDER AND REASONS

The Court has before it a motion filed by *pro se* Defendant Carl Blake Riley, Jr. R. Doc. 86. The Government opposes Mr. Riley's motion. R. Doc. 92. Mr. Riley claims that the Bureau of Prisons has not correctly calculated his sentence such that he received credit for time served. R. Doc. 86. While Mr. Riley styles his motion as a Motion to Correct Judgment, because Mr. Riley seeks to have his sentence executed differently, it is properly construed as a request under 28 U.S.C. § 2241. *See, e.g.*, *Free v. Miles*, 333 F.3d 550, 552 (5th Cir. 2003). The correct venue for such a challenge is the district in which the prisoner is incarcerated. *Reyes-Requena v. United States*, 243 F.3d 893, 901 n. 18 (5th Cir. 2001). If a prisoner is incarcerated in a district other than the one in which he filed, then the district court lacks jurisdiction and should dismiss without prejudice to the prisoner's right to refile his § 2241 motion in the appropriate district court. *Brito v. United States*, 419 F. App'x 435, 436 (5th Cir. Mar. 14, 2011). Mr. Riley is incarcerated in Talladega, Alabama, not within the Eastern District of Louisiana. Accordingly;

**IT IS ORDERED** that Mr. Riley's motion, R. Doc. 86, is **DENIED** for lack of jurisdiction, without prejudice to Mr. Riley's right to refile his motion in the appropriate district court.

New Orleans, Louisiana, this 4th day of February, 2026.

UNITED STATES DISTRICT JUDGE